## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiffs, | |
| v. | |
| **THE PROCTER & GAMBLE COMPANY,** | Civil Action No. 20-cv-03593-ABJ |
| and | |
| **BILLIE, INC.,** | |
| Defendants. | |

## PROPOSED CASE MANAGEMENT ORDER

The Court hereby enters the following Case Management Order:

A.    **STIPULATED TEMPORARY RESTRAINING ORDER.** The Court entered the

Stipulated Temporary Restraining Order on December 14, 2020. (Dkt. 5). Under that

Stipulation, the Defendants have agreed not to, and cannot, close their transaction until

after 11:59 p.m. Eastern Time on the fifth (5th) business day after this Court rules on

the Plaintiff's motion for preliminary injunction.

B.    **ANSWER.** Defendants shall answer or otherwise respond to Plaintiff's Complaint on or

before **January 8, 2021**.

C.    **DISCOVERY.**

1.    Fact Discovery. Fact discovery opens on **December 28, 2020**. The parties shall

complete it by **February 26, 2021**.

2.    Initial Disclosures. The parties agree that they will not make initial disclosures

pursuant to Federal Rule of Civil Procedure 26(a)(1).

3.   <u>Production of Investigative Materials</u>. By **December 28, 2020**, Plaintiff and

Defendants will, in compliance with the Protective Order this Court entered on

December 15, 2020 (Dkt. 19) ("Protective Order"), or in compliance with any future

modification of the Protective Order, substantially comply with the requirement to

produce the following Investigative Materials: (a) all documents or data in their

possession, custody, or control that (i) any non-party provided to any party either

voluntarily or under compulsory process preceding the filing of this action in the

course of the parties' assessment of or inquiries into the competitive effects of the

proposed merger or (ii) any party, including that party's counsel, provided to any non-

party (exclusive of agents, consultants, or experts of that party retained for the

purposes of the investigation but inclusive of agents, consultants or experts of that

party retained for business purposes), preceding the filing of this action in the course of

the parties' assessment of or inquiries into the competitive effects of the proposed

merger; (b) all draft and final witness statements, including transcripts of testimony,

affidavits, declarations, or letters, whether in hard-copy or electronic form, sent or

received by any party, including that party's counsel, to or from any non-party,

including that non-party's counsel, preceding the filing of this action in the course of

the parties' assessment of or inquiries into the competitive effects of the proposed

merger; and (c) all transcripts of investigative hearings conducted in the course of the

investigation of the acquisition of Billie by Procter & Gamble, FTC File No. 201-0042,

along with the exhibits used during those investigative hearings. The parties will

conduct good-faith, reasonable, and diligent searches for Investigative Materials; if any

Investigative Material is withheld as described in this Paragraph, the parties will meet

and confer in good faith to agree on a resolution. Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other applicable governmental privilege.

4. <u>Pre-Trial Discovery Conference.</u> This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

5. <u>Third-Party Discovery.</u> No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service. Each party shall produce all materials received pursuant to a third-party subpoena, including any declarations or affidavits obtained from a third party, to the other party within three (3) business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe. The parties shall serve document requests to third parties by **<u>January 29, 2021</u>**.

6. <u>Limitations on Party and Third-Party Declarations or Letters.</u> No party may proffer as evidence a declaration or affidavit from a party or third-party witness if such declaration or affidavit was executed or served less than one week prior to his or her agreed-to deposition date. In any event, no party or third-party declaration or affidavit may be proffered as evidence if it was executed or served less than ten (10) calendar days before the close of fact discovery unless it is a supplemental third-party

declaration or affidavit related to a previously given third-party declaration or affidavit, in which case the parties agree to not oppose any efforts to depose such a declarant or affiant irrespective of any other provisions of this order.

7. <u>Document Requests and Production.</u> There shall be no limit on the number of requests for production that the parties may serve. The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections. Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections. The parties shall substantially comply with requests for production no later than thirty (30) calendar days after the date of service. In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of the acquisition by The Procter & Gamble Company of Billie, Inc., FTC File No. 201-0042.

      i.    Document Productions shall be sent to the attention of:

          1.  To the FTC:

- Jonathan Lasken: jlasken@ftc.gov (Principal Designee)
- Greta Burkholder: gburkholder@ftc.gov
- Arianna Chen: achen4@ftc.gov
- Keitha Clopper: kclopper@ftc.gov
- Clarke Edwards: cedwards@ftc.gov
- Megan Henry: mhenry1@ftc.gov
- Peter Richman: prichman@ftc.gov
- Marc Schneider: mschneider@ftc.gov

- Brian Telpner: btelpner@ftc.gov

2. To Procter & Gamble:

- Christopher Thatch: cthatch@jonesday.com

- Brandy Ranjan: branjan@jonesday.com

- Nathaniel Ward: nward@jonesday.com

- Joe Antel: jantel@jonesday.com

- Charlie Stewart: cstewart@jonesday.com

3. To Billie:

- Daphne Lin: daphne.lin@freshfields.com

- Diane Tuomala: Diane.tuomala@freshfields.com

8. <u>Requests for Admission.</u> Requests for admission shall be limited solely to requests for admission for the authenticity of documents or admissibility of evidence. There shall be no limit on the number of requests for admission related to the authenticity of a document and admissibility of evidence.

9. <u>Interrogatories.</u> The parties shall serve no more than fifteen (15) interrogatories per side. The parties shall serve objections to interrogatories no later than ten (10) calendar days after the date of service, and responses within ten (10) calendar days thereafter.

10. <u>Contention Interrogatories</u>. When serving interrogatories, the issuing party shall identify any contention interrogatories as such. If the receiving party believes that an interrogatory that is not identified as a contention interrogatory is a contention interrogatory, it will provide notice of this belief no later than three (3) calendar days after it is served. The parties will then meet and confer in good faith to resolve the issue. No party shall seek through a deposition of a party attorney information that it

could otherwise obtain through a contention interrogatory. The parties shall serve

objections to interrogatories no later than ten (10) calendar days after the date of

service, and responses within ten (10) calendar days thereafter, except that the parties

will not be required to serve responses to contention interrogatories until March 1,

2021.

11. <u>Deadline to Issue Written Discovery to Parties</u>. The parties shall serve

document requests and interrogatories to parties by **<u>February 1, 2021</u>**, except

that requests for admission related to the authenticity of a document or the

admissibility of documents, data, or other evidence may be served no later than

**<u>March 18, 2021</u>**.

12. <u>Expert Reports.</u> The parties shall serve their expert report(s) on **<u>March 2, 2021</u>**.  The

parties shall serve their rebuttal expert report(s) on **<u>March 22, 2021</u>**. The parties shall

provide to the Court courtesy copies of their expert report(s) and rebuttal report(s) for

*in-camera* review on the same day that they are served.  The parties are limited to no

more than three (3) experts per side, not including rebuttal experts.

13. <u>Expert Materials Not Subject to Discovery.</u> Expert disclosures, including each side's

expert reports, shall comply with the requirements of Federal Rule of Civil Procedure

26(a)(2), except as modified herein:

    a)    Neither side must preserve or disclose, including in expert deposition

        testimony, the following documents or materials:

        i.    any form of communication or work product shared between any of

            the parties' counsel and their expert(s) or consultants, or between

            any of the experts themselves;

        ii.    any form of communication or work product shared between an

expert(s) and persons assisting the expert(s);

   iii.   expert's notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case;

   iv.   drafts of expert reports, analyses, or other work product; or

   v.   data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 13(b).

b)   The parties agree that they will disclose the following additional materials with all expert reports:

   i.   a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly; and

   ii.   for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

14. Exchange of Lists of Fact Witnesses to Appear at Hearing.

a)   *Preliminary Fact Witness Lists:* The parties shall exchange preliminary party and third-party witness lists no later than 6:00 p.m. Eastern Time on **January 12, 2021**. Preliminary witness lists shall include for each witness: (a) the witness's name and employer; (b) the name, address, telephone number, and email address of the witness's counsel (or, if not represented by

7

counsel, the witness's address, telephone number, and email address); and (c) a summary of the general topics of each witness's anticipated testimony. The number of witnesses who may be included on any side's preliminary witness list shall not exceed twenty (20). Each party's witness list shall represent a good faith assessment of the actual individual witnesses the party reasonably anticipates it may call at an evidentiary hearing. Defendants shall jointly submit one list. Each party will update its preliminary witness list promptly as it deletes witnesses.

b) *Supplemental Witness Lists:* The parties may supplement their preliminary party and third-party witness list with up to five (5) additional fact witnesses by 6:00 p.m. Eastern Time on **January 29, 2021**. If a side supplements its preliminary witness list, it must strike any witnesses from its preliminary witness list so that the total number of witnesses included on its preliminary and supplemental witness lists does not exceed fifteen (15).

c) *Final Witness Lists:* Final party and third-party witness lists shall be exchanged on or before 6:00 p.m. Eastern Time on **March 22, 2021**. Only a witness who appears on a party's preliminary or supplemental witness list may be included on a party's final witness list. Final witness lists shall include for each witness: (a) an indication of whether the witness will offer expert testimony; (b) a summary of the general topics of each witness's anticipated testimony; and (c) an indication of whether the witness's testimony will be presented via live, deposition, or through declaration. The preliminary, supplemental, and final witness lists shall represent a good faith

effort to identify all witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment. The number of fact witnesses who may be included on the final witness list shall not exceed twelve (12), which shall include any witnesses one side may call live or present via deposition or through declaration. The parties will meet and confer promptly after the close of fact to determine whether each side's witness list should be limited to fewer than twelve (12) witnesses.  Nothing herein prevents either side from offering into evidence and citing in written submissions deposition testimony provided by a witness in this litigation.

15. <u>Depositions.</u>

    a) <u>Number of Depositions.</u> Each side may depose any witness who is listed on either side's preliminary, supplemental, or final witness list, or who provides a declaration or affidavit. Each side may take a maximum of five (5) depositions of individuals beyond those listed on either side's preliminary, supplemental, or final witness list and beyond those who provide a declaration. A 30(b)(6) notice counts as no more than one deposition, in the event a party or third party designates multiple individuals. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.

    b) <u>Allocation of time.</u> All depositions, including depositions of fact and expert witnesses, shall last no more than seven (7) hours. Unless agreed upon by the parties and the witness, all depositions will be taken remotely in recognition of the COVID-19 pandemic. If both Plaintiff and Defendants notice any third-party fact deposition, the deposition shall count against each side's respective

deposition totals, and both sides shall allocate the seven-hour time evenly between the two sides. For any third-party deposition noticed by only one side, the noticing side shall be allocated five (5) hours of deposition time and the non-noticing side shall be allocated two (2) hours of deposition time. Unused time in any side's allocation of deposition time shall not transfer to the other side. For party witnesses or third-party witnesses retained by any party (e.g., as a consultant, agent, contractor, or representative) in connection with the proposed acquisition, or any former employees of any party, the other side will have the opportunity to use seven (7) hours for the deposition. The parties anticipate reaching a separate protocol governing remote depositions and will file a motion with the Court regarding the same by **January 11, 2021**.

c) <u>Notice</u>. The parties may not serve a deposition notice with fewer than ten (10) calendar days' notice. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule. If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least ten (10) calendar days after the original return date for the document subpoena. No deposition notice shall issue after **February 16, 2021**. If a third-party deposition is properly noticed pursuant to the above, but the third party's schedule does not reasonably accommodate a deposition before the end of fact discovery, a later deposition may occur.

d) <u>Deposition Designations</u>. The parties need not designate portions of

investigational hearings or depositions taken in the litigation. In advance of the preliminary injunction hearing, the parties will meet and confer and try to reach agreement regarding the treatment of transcripts of investigational hearings and depositions, including objections to any such testimony or transcripts, for use as part of the record in this case.

16. <u>Expert Depositions.</u> One seven-hour deposition of each expert shall be allowed. Expert depositions must be conducted on or before **April 2, 2021**.

17. <u>Discovery Uses.</u> All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9400). Only discovery obtained by a party in the Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation.

18. Before filing any discovery-related motion, the parties must meet and confer (i.e., in person or by phone, not by email or letter) in a good faith attempt to resolve the dispute. If the parties are unable to reach an agreement without court intervention, they **must** file a **joint** memorandum requesting a conference. The joint memorandum must clearly delineate (e.g., in bullet points) the subject of the disagreement and the parties' attempts to resolve it. It may not exceed three (3) pages in length.

**D.**  **<u>MOTIONS AND BRIEFING SCHEDULE</u>**

20. Plaintiff will file its memorandum in support of its motion for a preliminary injunction by **March 4, 2021**. This brief is not to exceed 45 pages.

21. Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by **March 26, 2021**. This brief is not to exceed 50 pages.

22. Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by **April 5, 2021**. This brief is not to exceed 20 pages.

23. Any motions *in limine*, including any *Daubert* motions, shall be filed by **March 29, 2021**. Responses to motions *in limine* shall be filed by **April 2, 2021**.

24. The parties' proposed findings of fact and conclusions of law shall be filed by ten (10) days after the close of the evidentiary hearing. Each party's proposed findings of fact and conclusions of law shall not exceed 75 pages.

E.  **PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

25. The Court has scheduled an evidentiary hearing on Plaintiff's motion for a preliminary injunction to begin on **April 12, 2021** and not to exceed ten days.  The parties will meet and confer promptly after the close of fact discovery with the goal of making a joint proposal to the Court as to how much time each side will have to present its case, including opening statements and closing statements. Plaintiff and Defendants will split the hearing time equally between the sides. Examination time will count against the side conducting the examination of the witness, with both direct examination and cross-examination of witnesses counting against the side conducting the examination. Plaintiff may reserve a portion of its time for rebuttal.

26. Recognizing that Georgina Gooley, a co-founder and co-CEO of Billie, Inc., is pregnant with a due date in April 2021, the parties agree that special accommodations may be needed to enable her testimony to be presented at the evidentiary hearing in a manner that is of greatest assistance to the Court.  Prior to the status conference scheduled for March 4, 2021, the parties agree to meet and confer in good faith about potential accommodations for Ms. Gooley, including presenting her testimony (i) before April 12, 2021, (ii) as one of the first witnesses at the evidentiary hearing, or (iii) through use of a trial deposition.

**F.    <u>OTHER MATTERS</u>**

27. <u>Service.</u> Service of any documents not filed via ECF, including discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

    i.   For Plaintiff:

       1.  Jonathan Lasken: jlasken@ftc.gov (Principal Designee)

       2.  Greta Burkholder: gburkholder@ftc.gov

       3.  Arianna Chen: achen4@ftc.gov

       4.  Keitha Clopper: kclopper@ftc.gov

       5.  Clarke Edwards: cedwards@ftc.gov

       6.  Megan Henry: mhenry1@ftc.gov

       7.  Peter Richman: prichman@ftc.gov

       8.  Marc Schneider: mschneider@ftc.gov

       9.  Brian Telpner: btelpner@ftc.gov

    ii.   For Defendants:

       1.  For P&G:

          a.  John Majoras: jmajoras@jonesday.com

          b.  Christopher Thatch: cthatch@jonesday.com

          c.  Kate Wallace: kwallace@jonesday.com

          d.  Geoffrey Irwin: gsirwin@jonesday.com

          e.  Peter Julian: pjulian@jonesday.com

          f.  Brandy Ranjan: branjan@jonesday.com

          g.  Nathaniel Ward: nward@jonesday.com

2. For Billie:

    a. Eric Mahr: eric.mahr@freshfields.com

    b. Julie Elmer: julie.elmer@freshfields.com

    c. Andrew Ewalt: andrew.ewalt@freshfields.com

    d. Daphne Lin: daphne.lin@freshfields.com

In the event that any documents are too voluminous for electronic mail, the parties shall serve an electronic version of the papers on opposing counsel via Accellion, an electronic file transfer platform. The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served. Service of correspondence or formal papers by 11:59 p.m. Eastern Time shall be considered filed on that day. For purposes of this provision, service of discovery requests or productions from parties or third parties after 5:59 p.m. Eastern Time shall be considered served the next business day.

28. <u>Nationwide Service of Process.</u> Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

29. <u>Third-Party Confidential Information</u>. The Protective Order shall govern discovery and production of Confidential Information. Any party serving

14

discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Protective Order.

30. <u>Privilege Logs.</u> The parties agree that the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) shall apply to this litigation, subject to the limitations below. The Defendants need not log privileged or work product communications solely between (1) each Defendant's employees and external counsel, (2) each Defendant's employees and external economists retained in connection with the proposed acquisition, or (3) each Defendant's employees and in-house counsel with no business responsibilities, as long as those documents were not directly or indirectly furnished to any person outside of the party (excluding external counsel). Further, the Defendants need not log non-responsive, privileged documents attached to responsive documents. The Defendants need not list the title of each non-Defendant employee identified on the privilege log, but this modification does not relieve the Defendants of the requirement to denote all attorneys on the privilege log with an asterisk. Finally, in lieu of identifying the specific litigation or trial upon which a work product assertion is based, the Defendants need only provide a general description of the litigation. The Plaintiff need not log privileged or work product communications between or among Plaintiff employees, Plaintiff agents, and any state agency also investigating the proposed acquisition in response to any document requests issued by either Defendant in this litigation. The parties shall maintain all documents responsive to a discovery request that they withhold pursuant to a claim of privilege or protection.

31. <u>Inadvertent Production of Privileged Material.</u> In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent

production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within five (5) business days of learning of the inadvertent production. When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the protected material from their document management systems. Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a revised privilege log for the identified information or documents. A party may move the Court for an order compelling production of the material, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production. The party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

32. <u>Electronically Stored Information.</u> The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

  a) All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case. In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

  b) All parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI. If a party desires to use such technologies, it shall either (i) negotiate in good faith with the other side regarding the reasonable use of such technologies; or (ii) follow the same process as

described in Procter & Gamble's August 4, 2020 Response To The Request

For Additional Information And Documentary Material Issued On March 9,

2020 By The Federal Trade Commission.  If a party uses such technologies

pursuant to subpart (ii) of this paragraph, the level of recall shall be no less

than 70% and confidence no less than 95%.

c) All parties will request ESI in the form or forms that facilitate efficient review

of ESI. In general, the parties will produce ESI according to the same ESI

technical specifications used by Defendants in the FTC's pre-complaint

investigation.

33. Evidentiary Presumptions.

a) Documents produced by non-parties from the non-parties' files shall be

presumed to be authentic and admissible. Any good-faith objection to a

document's admissibility must be provided with the exchange of other

objections to trial exhibits. If a party serves a specific good-faith written

objection to the document's authenticity, the presumption of authenticity

will no longer apply to that document and the parties will promptly meet

and confer to attempt to resolve any objection. The Court will resolve any

objections that are not resolved through this means or through the discovery

process.

b) All documents produced by a Defendant either in response to document

requests in this litigation or in the course of the FTC's pre-complaint

investigation of the proposed acquisition, FTC File No. 201-0042, are

presumed to be authentic and admissible. If a party serves a specific good-

faith written objection to the document's admissibility, the presumption of

authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

c)   Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery or obtain declarations related solely to authenticity or admissibility of documents, notwithstanding any discovery limits otherwise imposed by this Order.

34. <u>Stipulations</u>. The parties stipulate that the relevant geographic market in which to analyze the proposed acquisition is no broader than the United States.

35. <u>Modification of Scheduling and Case Management Order.</u> Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

36. <u>Statements Regarding Local Rules 16.3(c)(1), 16.3(c)(3), 16.3(c)(4), 16.3(c)(5), and 16.3(c)(6).</u> In this action, counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived service of a summons. Defendants do not intend to file any Rule 12(b) motions and they consent, for the purposes of this case only, to personal jurisdiction and venue in this court. The parties do not believe that the case should be assigned to a magistrate judge for all purposes, including trial. The parties are amenable to settling this case, but despite their pre-Complaint efforts, have not been able to resolve their different views on the likely effects of the proposed acquisition. Presently, the parties do not believe that the case would benefit from the Court's alternative dispute resolution procedures.

37. <u>Exhibit Lists.</u> The parties shall exchange exhibit lists on or before **March 24,**

**2021**. Objections shall be exchanged on or before **April 1, 2021**. The parties will file their final exhibit lists with the Court on or before **April 6, 2021**.

38. FRCP 6(a)(1) is to be applied when computing the deadlines in this Order.

**PROPOSED SCHEDULE**

| Event | Date(s) |
|---|---|
| Discovery Commences | December 28, 2020 |
| Production of Investigative Materials | December 28, 2021 |
| Defendants' Answer to Plaintiff's Complaint | January 8, 2021 |
| File Protocol Governing Remote Depositions | January 11, 2021 |
| Preliminary Fact Witness Lists | January 12, 2021 |
| Supplemental Fact Witness Lists | January 29, 2021 |
| Deadline to Serve Written Discovery to Third Parties | January 29, 2021 |
| Deadline to Serve Written Discovery to Parties (Excluding Requests for Admission for Authentication/Admissibility) | February 1, 2021 |
| Deadline to Serve Deposition Notices for Fact Witnesses | February 16, 2021 |
| Close of Fact Discovery | February 26, 2021 |
| Expert Report(s) Due | March 2, 2021 |
| Status Conference | March 4, 2021 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | March 4, 2021 |
| Deadline to Serve Requests for Admission for Authentication/Admissibility | March 18, 2021 |
| Rebuttal Expert Report(s) Due | March 22, 2021 |
| Exchange of Final Witness Lists | March 22, 2021 |
| Exchange of Exhibit Lists | March 24, 2021 |

| Event | Date(s) |
|---|---|
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | March 26, 2021 |
| Last Day to File Motions *In Limine* | March 29, 2021 |
| Last Day for Objections to Exhibit Lists | April 1, 2021 |
| Last Day to File Responses to Motions *In Limine* | April 2, 2021 |
| Close of Expert Discovery | April 2, 2021 |
| Final Exhibit Lists Due | April 6, 2021 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | April 5, 2021 |
| Pre-Hearing Conference | April 9, 2021 |
| Evidentiary Hearing Begins | April 12, 2021 |
| Proposed Findings of Fact and Conclusions of Law | 10 days following conclusion of hearing |

Dated: this ___ day of December 2020.          SO ORDERED.


                                               _____
                                               Hon. Amy Berman Jackson
                                               United States District Judge